# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **GLEN D. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **7:17-cv-00274-AKK-JHE** |
| **JOHN HUTTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

The magistrate judge filed a report on January 10, 2019, recommending the Defendants' motions for summary judgment be granted.  Doc. 31.  Glen Johnson filed objections to the report and recommendation on February 19, 2019.  Doc. 36. In his objections, Johnson restates his claims that ADOC Defendants Jefferson Dunn, Willie Thomas, Deborah Toney, Willie Bennett, John Hutton, LePaul Sewell, and Thomas Harbison failed to protect him from an inmate attack on February 10, 2017, and retaliated against him for his complaints.  *Id.* at 1-2, 4-5. Johnson also realleges his claims that medical Defendant Shondrell Johnson failed to adequately treat his injuries.  *Id.* at 3-5.

Viewing the facts in a light most favorable to Johnson, the ADOC Defendants are entitled to summary judgment because there is no evidence that these defendants were subjectively aware that inmate David Rogers posed a

substantial risk of serious harm to Johnson or knew that Rogers would attack Johnson.[1] *See Farmer v. Brennan*, 511 U.S. 825, 832-37 (1994); *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). Neither does Johnson demonstrate a causal link between his complaints concerning the assault and his transfer to another facility in order to state a claim for retaliation against the ADOC Defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Lastly, while Johnson established that he suffered serious medical needs due to the injuries he sustained as a result of the inmate attack, the evidence does not show that Shondrell Johnson was deliberately indifferent to Johnson's needs. At most, Shondrell Johnson may have been negligent in failing to employ additional methods in administering care to Johnson, but mere negligence in diagnosing or

---

[1] Johnson requests that the court compel the Defendants to submit the video surveillance of the attack. Doc. 36 at 2. However, the ADOC Defendants have already stated in their motion for summary judgment that the video of the attack was not preserved. Doc. 25-6, Hutton Aff. Moreover, Rogers' attack on Johnson is not in dispute.

Johnson also alleges that Defendant John Hutton and Investigator Terry Loggins, who is not a defendant in this action, failed to conduct an investigation into the assault. Doc. 36 at 2. Johnson reasons that Hutton's failure to investigate demonstrates deliberate indifference to his safety. *Id.* However, Hutton's failure to investigate does not implicate any constitutional right to which Johnson is entitled. *See generally Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation concerning an excessive force claim); *see e.g., Stringer v. Doe*, 503 Fed. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement); *Mallory v. Hetzel*, No. 2:12-cv-1011-WHA, 2016 WL 5030469, at *14 (M.D. Ala. 2016) (failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation because inmates do not enjoy a constitutional right to an investigation of any kind by government officials).

treating a medical condition is insufficient to support a constitutional claim. *See Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

Having carefully reviewed and considered *de novo* all the materials[2] in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, finding no genuine issues of material fact exist, the court concludes that the Defendants' motions for summary judgment on Johnson's Eighth Amendment claims are due to be granted. The court further concludes that Johnson's state law claims are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**DONE** the 27th day of February, 2019.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDG

---

[2] In reviewing the evidence in the record, the court did not consider the impermissible legal conclusions included in six affidavits submitted by Defendants Thomas, Toney, Bennet, Hutton, Sewell, and Harbison. *See* docs. 25-2, 25-3, 25-4, 25-5, 25-7, and 25-8 (Each affidavit identically ends with the statement "At no time did I violate the constitutional rights of inmate Glen D. Johnson."). The Eleventh Circuit and Federal Rule of Evidence 701 prohibit a "lay person [who] is not qualified to make conclusions of law." *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law."); *Hamilton v. Coffee Health Grp.*, 949 F. Supp. 2d 1119, 1128 (N.D. Ala. 2013) ("A plaintiff's opinion that discrimination motivated an employment action is not an admissible lay opinion because it is not helpful in that it merely tells the jury what result to reach."); *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1273–74 (M.D. Ala. 2001) ("[Rule 701] requires that the witness perceive something firsthand and that the witness's perception provide a truly rational basis for his or her opinion.").